UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LADY CHRISTIAN HAVENS,

    Plaintiff,

v.

AUTOZONERS, LLC, et al.,

    Defendants.

No. 2:16-cv-02503-KJM-GGH

ORDER

This matter is before the court on the motion to dismiss plaintiff Lady Christian Havens (Havens) claim for state law defamation, brought by defendants AutoZoners, LLC (AutoZoners) and AllData, LLC (AllData). At hearing, Michael Hoffman appeared for defendants and Erik Roper appeared for plaintiff. As discussed below, defendants' motion is GRANTED with leave to amend.

I.     PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

    A.     Procedural History

Plaintiff filed the original and first amended complaints in Sacramento Superior Court on July 22 and September 6, 2016, respectively. Not. Removal Exs. A & B, ECF No. 1-1. On October 20, 2016, defendants removed the case to this court on the basis of diversity jurisdiction. ECF No. 1 at 2.

1

The operative first amended complaint, which is verified, alleges state law defamation against defendants. *See generally* First Am. Compl. (FAC), ECF No. 1-1.

On November 17, 2016, defendants filed the instant motion to dismiss plaintiff's seventh claim for defamation. Mot., ECF No. 8. Plaintiff filed an opposition on December 30, 2016, Opp'n, ECF No. 11, and defendants a reply on January 6, 2017, Reply, ECF No. 12.

B. Factual Allegations

Plaintiff worked for defendants AllData and AutoZoners from December 16, 2013, to August 27, 2015. FAC ¶¶ 10, 48. "Autozoners handles the day to day operation of AllData." *Id.* ¶ 3. On or about May 12, 2014, plaintiff became a full time UX[1] Analyst for defendants and was responsible for "creating innovative software solutions, conducting user-centered research designing modern, clean, [and] engaging interfaces and for the conceptualization and design of product/user interactions." *Id.* ¶ 18. At all relevant times, her direct supervisor was John Peterson, Autozoners' product design manager. *Id.* ¶ 11.[2]

Within the last six months of her employment, plaintiff received numerous written warnings for her work performance and behavior. For example, on or about March 23, 2015, plaintiff alleges "defendants" issued a written warning stating she had been "insubordinate, failed to follow process, had exhibited inappropriate behavior, and [had a] poor quality of work."

---

[1] Although the parties do not define the abbreviation, "UX" is apparently short for User Experience, referring "to a person's emotions and attitudes about using a particular product, system or service. It includes the practical, experiential, affective, meaningful and valuable aspects of human–computer interaction and product ownership." *See* https://en.wikipedia.org/wiki/User_experience (last visited June 13, 2017).

[2] At least five individuals are identified as managerial employees of defendants in this action: (1) John Petersen, the product design manager and plaintiff's direct supervisor, FAC ¶ 11; (2) Derek Christian Miller, the director of Product Development, *id.* ¶ 12; (3) Francis Tobias, the director of human resources, *id.* ¶ 13; (4) Helena Holloway, the human resources staffing and development manager, *id.* ¶ 14; and (5) Satwinder Mangat, the Senior Vice President and Chief Technology Officer, *id.* ¶ 15. Because "Autozoners handles the day to day operation of Alldata," *id.* ¶ 3, the court infers these individuals are Autozoners employees.

*Id.* ¶ 33. On or about June 8, 2015, she received another written warning, also stating she had been "insubordinate, failed to follow process, had exhibited inappropriate behavior, and [had a] poor quality of work." *Id.* ¶ 39. The allegations do not clarify who issued these written warnings.

On or about June 15, 2015, plaintiff was placed on a Performance Improvement Plan ("PIP") based on the written warnings. *Id.* ¶ 41. On or about July 14, 2015, plaintiff received her first PIP "fail" grade from Peterson, although she received positive feedback from customers regarding to her performance at work. *Id.* ¶ 43. On or about August 27, 2015, defendants terminated plaintiff's employment. *Id.* ¶ 48.

In support of her claim for defamation, plaintiff alleges "defendants" made "false and defamatory statements expressly and impliedly stating that plaintiff was incompetent in her job functions, she was disrespectful, unprofessional, and immature; and she had violated [d]efendants' internal policies." *Id.* ¶ 103. Plaintiff further alleges "[w]hile the precise dates of these publications are not known to [p]laintiff except as herein alleged, these publications were made on or after August 17, 2015, and were made to employees of [d]efendants, and recipients in the community." *Id.* ¶ 104.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1122 (9th Cir. 2013). The court assumes these factual allegations are true and draws reasonable inferences from them. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal*, 556 U.S. at 678. Accordingly, conclusory or formulaic recitations of a cause's elements do not alone suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555).

Evaluation under Rule 12(b)(6) is a context-specific task drawing on "judicial experience and common sense." *Id.* at 679. Aside from the complaint, district courts have discretion to examine documents incorporated by reference, *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1160 (9th Cir. 2012); affirmative defenses based on the complaint's allegations, *Sams v. Yahoo! Inc.*, 713 F.3d 1175, 1179 (9th Cir. 2013); and proper subjects of judicial notice, *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012).

Where, as here, the court is tasked with determining the sufficiency of plaintiff's state law claim, the court applies federal law pleading standards, although the standard for dismissal in state court "is highly relevant." *Church of Scientology of Calif. v. Flynn*, 744 F.2d 694, 696 n.2 (9th Cir. 1984).

III. DISCUSSION

Defendants contend the operative complaint does not identify a libelous statement as required to state a defamation claim. Mot. at 5. Plaintiff contends, albeit impliedly, the defamation claim is based on slander, not libel, and she has pled slander adequately. Opp'n at 4 (relying on California Civil Code § 46 to allege slander claim). In reply, defendants contend plaintiff does not identify any "provably false statements of fact." Reply at 4.

"The tort of defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007) (internal citations omitted). California Civil Code § 44 defines "defamation" as either libel or slander. *Crowe v. Cty. of San Diego*, 608 F.3d 406, 442 (9th Cir. 2010) (interpreting California defamation law).

California Civil Code § 45 defines libel and provides:

> Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation.

Cal. Civ. Code. § 45; *Gorman v. Wolpoff & Abramson*, *LLP*, 584 F.3d 1147, 1168 (9th Cir. 2009) (interpreting California defamation law as provided in Cal. Civil Code § 45).

/////

4

California Civil Code § 46 defines slander and provides:

> Slander is a false and unprivileged publication, orally uttered, and also communications by radio or any mechanical or other means which:
>
> . . .
>
> 3. Tends directly to injure him in respect to his office, profession, trade or business, either by imputing to him general disqualification in those respects which the office or other occupation peculiarly requires, or by imputing something with reference to his office, profession, trade, or business that has a natural tendency to lessen its profits.

Cal. Civ. Code § 46 (3); *Crowe*, 608 F.3d at 442.

Under California law, although a plaintiff need not plead the allegedly libelous or slanderous statement verbatim, the statement must be specifically identified, and the plaintiff must plead the substance of the statement. *See Kahn v. Bower*, 232 Cal. App. 3d 1599, 1612 n.5 (1991) ("[g]enerally, words constituting libel must be specifically identified, if not pleaded verbatim, in complaint."); *Okun v. Superior Court*, 29 Cal. 3d 442, 458 (1981) ("slander can be charged by alleging the substance of the defamatory statement.").

Even under liberal federal pleading standards, "general allegations of the defamatory statements" that do not identify the substance of what was said are insufficient. *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004); *see also Silicon Knights, Inc. v. Crystal Dynamics*, Inc., 983 F. Supp. 1303, 1314 (N.D. Cal. 1997) (dismissing complaint containing "only general allegations of the defamatory statements [without] identify[ing] the substance of what was stated by the [d]efendants.").

Here, plaintiff's defamation claim appears to be based on supervisor Peterson's "fail" grade provided in the PIP review of July 14, 2015. FAC ¶¶ 43, 45. Plaintiff then alleges during a meeting on August 3, 2015, defendant Peterson cited the PIP "fail" grade as the factual basis for giving plaintiff a "negative review" and concluding plaintiff was not qualified for her job. *Id.* ¶ 45. Without providing context, substance, or the circumstances surrounding the PIP "fail" grade, plaintiff alleges only in conclusory terms that the PIP "fail" grade "expressly and

impliedly stated that plaintiff was incompetent in her job functions, that she was disrespectful, unprofessional, and immature; and that she had violated Defendants' internal policies." *Id.* ¶ 103.

The complaint also does not make clear how, if at all, the allegedly defamatory statement was "published" or disseminated to third parties, *see Smith v. Maldonado*, 72 Cal. App. 4th 637, 645, (1999) (publication means "communication to a third person who understands the defamatory meaning of the statement and its application to the person to whom reference is made.").

In ruling on a motion to dismiss, the court need not construe conclusory allegations as true. *Jacobson*, 357 F. Supp. 2d at 1216; *Iqbal*, 556 U.S. at 678. As pled, plaintiff's defamation claim is insufficient. Defendants' motion to dismiss the defamation claim is GRANTED.

IV. <u>LEAVE TO AMEND UNDER RULE 15 AND RULE 8(A) ADMONITION</u>

Under Rule 15 of the Federal Rules of Civil Procedure, leave to amend is to be granted freely. Fed. R. Civ. P. 15(a). The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

At hearing, plaintiff's counsel represented she could allege more of the substance of the defamatory statement at issue. Accordingly, leave to amend is granted; plaintiff shall file any amended complaint containing an amended defamation claim within fourteen (14) days of this order.

Plaintiff is reminded that Federal Rule of Civil Procedure 8(a)(2) requires a "short and plain statement" of a claim to put defendants on sufficient notice of the allegations against them. Each allegation must be simple, concise, and direct. Fed. R. Civ. P. 8(d)(1). The court may dismiss a complaint on Rule 8 grounds alone if it is "verbose, confusing and conclusory." *See Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). The court above has identified conclusory and verbose allegations in the operative complaint. It further notes the lack of clarity in light of plaintiff's allegations that the defamatory statement at issue was published

"on or after August 17, 2015," FAC ¶¶ 47, 104, while the PIP "fail" grade was given to plaintiff on July 14, 2015, *id.* ¶ 43.

Moreover, as noted, plaintiff does not differentiate between defendants AutoZoners and AllData, but rather alleges defendants, apparently jointly, "published these statements knowing them to be false and unsubstantiated by any independent investigation." FAC ¶ 112. Plaintiff may address these flaws in any second amended complaint.

V. SUMMARY AND CONCLUSION

For the foregoing reasons, defendants' motion to dismiss plaintiff's seventh claim for defamation is GRANTED. Plaintiff is granted leave to file an amended complaint consistent with this order within fourteen (14) days.

This resolves ECF No. 8.

IT IS SO ORDERED.

DATED: June 13, 2017.

_____
UNITED STATES DISTRICT JUDGE